UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HOLLY L. BEST,

                Plaintiff,

      v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

Case No. C16-6040RAJ

**ORDER**

Plaintiff Holly L. Best seeks review of the Commissioner's denial of her application for Supplemental Security Income and Disability Insurance Benefits. She contends the administrative law judge ("ALJ") erred by discounting certain opinion evidence, her subjective testimony, and lay testimony.[1] Dkt. 11. As discussed below, the Court **AFFIRMS** the Commissioner's decision.

**BACKGROUND**

Ms. Best is currently 52 years old, has a GED and two years of college education, and previously worked as bartender, construction laborer, and flagger. Tr. 40-42. In January 2013,

---

[1] Ms. Best's fourth assignment of error alleges that the ALJ erred in assessing her residual functional capacity and in finding her capable of performing other jobs at step five of the sequential evaluation, but in doing so, reiterates arguments made elsewhere. Dkt. 11 at 15-16. Therefore, Ms. Best's fourth assignment of error need not be addressed separately.

ORDER - 1

she applied for benefits, alleging disability as of June 13, 2012.[2] Tr. 218-27, 251. Her applications were denied initially and on reconsideration. Tr. 138-44, 146-59. The ALJ conducted a hearing on January 7, 2015 (Tr. 36-65), and subsequently found Ms. Best not disabled. Tr. 14-30. As the Appeals Council denied Ms. Best's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-6.

## THE ALJ'S DECISION

In a case involving evidence of drug addiction and alcoholism ("DAA"), an ALJ may need to consider the impact of the claimant's DAA on his or her impairments. If the claimant would be considered disabled if the DAA is factored in, the ALJ should go on to consider whether the claimant would still be disabled if the DAA is factored out. *See* Social Security Ruling ("SSR") 13-2p, 2013 WL 621536, at *4-5 (Feb. 20, 2013). If the claimant would not be considered disabled if his or her DAA were factored out, then the DAA is "material" to the disability and the claimant is not entitled to disability benefits. SSR 13-2p, 2013 WL 621536, at *4.

In this case, the ALJ applied the five-step disability evaluation process [3] to find Ms. Best disabled initially at step three, and then restarted the evaluation process to consider the materiality of Ms. Best's DAA. The ALJ found:

**Step one:** Ms. Best did not engage in substantial gainful activity after she applied for benefits.

**Step two:** Ms. Best's alcohol dependence and prescription drug dependence, affective disorder, psychosis, degenerative disc disease, and seizures are severe impairments.

**Step three:** These impairments meet or equal the requirements of Listings 12.03 and

---

[2] At the hearing, Ms. Best amended her alleged onset date to the date she last worked, January 14, 2013. Tr. 40.
[3] 20 C.F.R. §§ 404.1520, 416.920.

ORDER - 2

12.04.[4]  Therefore, if Ms. Best's DAA is included, she is disabled.

**DAA step two:**  If Ms. Best stopped the substance use, her degenerative disc disease and seizures would still be severe impairments.

**DAA step three:**  If Ms. Best stopped the substance use, none of her impairments meet the requirements of a listed impairment.

**RFC:**  If Ms. Best stopped the substance use, she could perform light work, with additional limitations.  She can perform only occasional climbing.  She would need to avoid concentrated exposure to extreme cold, vibration, and hazards in the workplace, such as dangerous moving machinery and working at unprotected heights.  She would be able to perform simple, entry-level tasks, requiring reasoning level 1-3.  She must work in a stable environment requiring only occasional adaptation to change.

**Step four:**  If Ms. Best stopped the substance use, she would not be able to perform any of her past relevant work.

**Step five:**  If Ms. Best stopped the substance use, she could perform other jobs that exist in significant numbers in the national economy.  Therefore, her DAA is material and she is not disabled.

Tr. 14-30.

## DISCUSSION

**Opinion evidence**

Ms. Best's opening brief contains a lengthy, unnecessary summary of the medical evidence.  Dkt. 11 at 2-6.  She goes on to argue that the ALJ erred in discounting the opinion of examining psychologist Alysa Ruddell, Ph.D., and that the ALJ failed to provide adequate reasons to discount the Global Assessment of Functioning ("GAF") scores.  The Court will address each argument in turn.

<u>Legal standards</u>

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-

---

[4] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 3

1  examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not

2  contradicted by another physician, a treating or examining physician's opinion may be rejected

3  only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396

4  (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be

5  rejected without "'specific and legitimate reasons' supported by substantial evidence in the

6  record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.

7  1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough

8  summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and

9  making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881

10 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own

11 interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v.

12 Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

13     Dr. Ruddell

14     Dr. Ruddell examined Ms. Best in February 2013 and completed a DSHS form opinion

15 describing her symptoms and limitations. Tr. 428-32. Dr. Ruddell opined that Ms. Best's

16 impairments were "primarily the result of alcohol or drug use within the last 60 days" and that

17 "[a]bstinence would help clarify symptoms sequela to [chemical dependency] and symptoms due

18 to mental health impairments." Tr. 430.

19     Ms. Best argues that because Dr. Ruddell indicated that it was not clear whether her

20 symptoms would persist even when sober, they might have persisted and therefore Dr. Ruddell's

21 opinion could support a finding that Ms. Best's DAA was not material to her disability. Dkt. 11

22 at 7. This argument is speculative, because Dr. Ruddell did not opine that Ms. Best's

23 impairments would have persisted; her uncertainty about the relationship between Ms. Best's

DAA and her symptoms is not evidence that the relationship is non-existent. Accordingly, Ms. Best has not shown that Dr. Ruddell's opinion is contrary to the ALJ's materiality finding, or that the materiality finding is unsupported by substantial evidence in the medical record.

GAF scores

The ALJ acknowledged many low GAF scores in the record, and indicated that she could not rely on the scores or the opinions they were derived from because GAF scores are "highly subjective, intertwining psychological symptoms, physical impairments, and socioeconomic factors." Tr. 27. Ms. Best argues that this reasoning is not legitimate. Dkt. 11 at 7.

GAF scores are not particularly probative to the ALJ's disability determination because they do not directly address a patient's functionality. *See Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998) ("A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment."); *McFarland v. Astrue*, 288 Fed. Appx. 357, 359 (9th Cir. Jul. 25, 2008) (noting that the Commissioner has determined that the GAF scale does not correlate to the severity requirements in the mental disorders listings). And, as noted by the Commissioner (Dkt. 15 at 5), the GAF scale was eliminated from the most current version of the Diagnostic & Statistical Manual of Mental Disorders ("DSM"), due to "its conceptual lack of clarity" and "questionable psychometrics in routine practice." DSM 16 (5th ed. 2013). The ALJ's reasoning is legitimate, and the ALJ therefore did not err in discounting Ms. Best's GAF scores.

**Subjective testimony**

The ALJ found that even if Ms. Best stopped her substance use, her remaining impairments could possibly cause of her alleged symptoms, but that Ms. Best's testimony regarding the extent of her symptoms was nonetheless discounted because: (1) the record

indicates Ms. Best engaged in drug-seeking behavior, embellishing her symptoms in order to obtain medications; (2) Ms. Best was not entirely truthful with her providers regarding her drug and alcohol use; (3) many of her examination findings while sober were normal; (4) Ms. Best's activities suggest she is not disabled, because she is able to complete a variety of activities; (5) Ms. Best has not complied with all of her treatment recommendations and has avoided treatment; and (6) a treating nurse practitioner described Ms. Best as providing a "lack of truth telling" when describing her medical history. Tr. 24-27. Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Drug-seeking behavior & lack of candor

The ALJ cited instances of Ms. Best's drug-seeking behavior: she requested more medications from her providers and indicated that she would go elsewhere if they would not prescribe them for her; she admitted to using her medications more frequently than prescribed; and she violated her pain contracts with her providers by receiving medications from multiple providers. Tr. 24. The ALJ reasoned that this conduct undermined the reliability of her pain allegations because she was dependent on the pain medication and experienced withdrawal symptoms. Tr. 24-25. The ALJ noted that on a number of occasions, Ms. Best was not entirely candid with her providers regarding her drug and alcohol use, failing to disclose past and current use, and one of her providers noted that she had a "lack of truth telling in [her] med history . . ." Tr. 25, 27 (citing Tr. 908-09).

Ms. Best does not dispute that she engaged in drug-seeking behavior or that she was not always candid with her providers about her drug and alcohol use, but argues that these reasons do not justify the ALJ's rejection of her allegations unrelated to substance use. Dkt. 11 at 8.

This argument is not persuasive: a claimant's drug-seeking behavior undermines the reliability of his or her allegations because the claimant is motivated to exaggerate symptoms in order to receive a prescription. *See Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) (affirming the ALJ's finding that it was likely plaintiff "exaggerate[d] his complaints of physical pain in order to receive prescription pain medication to feed his Valium addiction"); *Massey v. Comm'r of Social Sec. Admin.*, 400 Fed. Appx. 192, 194 (9th Cir. Oct. 19, 2010) (". . . [T]he ALJ's interpretation that Massey is engaged in drug-seeking behavior is a clear and convincing reason for disregarding his testimony."). Courts have also found that a claimant's lack of candor regarding drug and alcohol use is a clear and convincing reason to discount a claimant's subjective testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999); *Bevans v. Barnhart*, 60 Fed. Appx. 167, 169-70 (9th Cir. Mar. 17, 2003).

To the extent that Ms. Best relies on SSR 16-3p to support her challenge to this line of reasoning (Dkt. 16 at 4), the Court rejects Ms. Best's argument because SSR 16-3p was not in effect at the time of the ALJ's decision. *See* SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). The ALJ did not err in discounting Ms. Best's subjective testimony in light of her drug-seeking behavior and lack of candor.

<u>Examination findings</u>

The ALJ cited normal examination findings procured when Ms. Best was sober, to argue that the objective evidence did not corroborate her allegations of disabling impairments in the absence of substance abuse. Tr. 25-26. Ms. Best argues that the ALJ cannot discount her allegations solely based on lack of corroboration in the medical record (Dkt. 11 at 8-9), but the ALJ did not rely *solely* on a lack of corroboration: as discussed herein, the ALJ provided

multiple additional reasons to discount Ms. Best's testimony. Therefore, Ms. Best's challenge to the ALJ's reliance on normal examination findings is unavailing. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Activities

The ALJ found that Ms. Best's activities demonstrated she could perform light, entry-level work. Tr. 26. Specifically, the ALJ cited Ms. Best's ability to attend appointments, use a computer, play with cats, go to the store, clean her house, and cook from recipes. Tr. 26 (citing Tr. 429). Ms. Best argues that the ALJ erred in relying on these activities because the activities do not contradict her testimony or demonstrate transferable work skills.

The Court agrees with Ms. Best that the ALJ's decision is not sufficiently specific as to why Ms. Best's activities undermine her allegations. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills"). The ALJ's error is harmless, however, in light of the ALJ's other valid reasons to discount Ms. Best's testimony. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Non-compliance with treatment recommendations

The ALJ found that Ms. Best was not entirely compliant with treatment recommendations, and often failed to attend her scheduled appointments for treatment. Tr. 26. The ALJ also found that Ms. Best was disinterested in treatment, and appeared to seek medical attention in order to obtain financial and housing services, and/or to obtain prescriptions for

medications. *Id*.

Ms. Best characterizes this line of the ALJ's reasoning as speculative, and suggests that her noncompliance is due to her limited insight into her mental impairments. *See* Dkt. 11 at 10. Ms. Best cites no evidence that her noncompliance was the result of her limited insight, however; counsel's argument in a brief is not evidence. In the absence of such evidence, the ALJ did not err in finding that Ms. Best's noncompliance with treatment recommendations undermined her allegations of disability. *See Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012).

In sum, because the ALJ provided multiple clear and convincing reasons to discount Ms. Best's testimony, the ALJ's assessment of her allegations is affirmed.

**Lay statement**

Ms. Best's mother, Linda Best, completed a third-party function report, describing Ms. Best's symptoms and activities. Tr. 284-91. The ALJ described Linda Best's statement as "somewhat corroborative" of Ms. Best's allegations, but noted that Linda Best "was reliant on the claimant's subjective description of her impairments, which are not entirely credible in this case. I further note that Ms. Best makes no mention of any alcohol or substance abuse disorder, which are noted throughout the record." Tr. 27. Ms. Best argues that the ALJ's reasons to discount Linda Best's statement are not legally sufficient.

<u>Legal standards</u>

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). *But see Molina*, 674 F.3d at 1115-22 (describing how the failure to address lay testimony may be harmless). The ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996) (finding rejection of testimony of family

members because, *inter alia*, they were "'understandably advocates, and biased'" amounted to "wholesale dismissal of the testimony of all the witnesses as a group and therefore [did] not qualify as a reason germane to each individual who testified.") (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)).

Similarity of allegations

The ALJ did not err in finding that Linda Best described similar limitations to those described by Ms. Best. *See* Tr. 284-91. Ms. Best argues that Linda Best described her own observations (Dkt. 16 at 8), but this argument is not supported by the text of Linda Best's statement, which does not reference any particular observation. Linda Best answered many of the questions asked on the form with "don't know." Tr. 286-91. Because the ALJ properly discounted Ms. Best's testimony, as discussed *supra*, the ALJ properly discounted Linda Best's similar statements. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony")).

DAA

The ALJ noted that Linda Best did not mention Ms. Best's DAA. Tr. 27. Ms. Best argues that the ALJ overlooked that the form Linda Best completed did not ask any questions about DAA, which explains why she did not mention it. Dkt. 16 at 8. It may be true that the form does not explicitly reference DAA, but Linda Best referenced aspects of Ms. Best's medical history that pertain to her DAA (such as her in-patient psychiatric treatment (Tr. 284) and suicidal tendencies (Tr. 290)), without disclosing the connection to DAA. Because Linda Best did not delineate between symptoms related to DAA and those unrelated, her statement is less probative to the ALJ's

inquiry and the ALJ did not err in discounting it on that basis.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**.

DATED this 4th day of December, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge